## Petroff v. Vesta Coal Company.

*Workmen's Compensation Law—Commutation of awards made to a mother and to minor children for purchase of a home—Disposition of unexpended balance.*

1. Where commutation is ordered by the Workmen's Compensation Board in order that a part of the award going to minors may be used in the purchase of a home, the board cannot impose upon the defendant the responsibility of seeing that the interests of the minors are protected; that duty rests upon their guardian.

2. Where the Compensation Board allows commutation of awards payable both to the mother and to minor children for the purpose of purchasing a home for the dependents, any unexpended balance remaining, because not needed, should be regarded as derived from the commuted instalments maturing at or nearest to the end of the period embraced within the commutation and, therefore, as belonging to the children.

Appeal from decision of the Workmen's Compensation Board. C. P. Washington Co., Nov. T., 1925, No. 20.

Before Brownson, P. J., and Cummins, J.

I. W. Baum, for plaintiff; A. M. Linn and W. A. Challener, for defendant.

BROWNSON, P. J., Oct. 5, 1925.—The direction in the order appealed from that the commuted compensation shall be paid by the Jones & Laughlin Steel Company (a corporation that is not a party to the record) was evidently a *lapsus pennæ.* It seems clear that by a clerical error the name of that corporation was written in the order when it was intended to name the defendant, the Vesta Coal Company, which was the deceased's employer. If this were the only thing involved in the appeal, the clerical error might probably be corrected and the order, as so modified, affirmed. But the order is also erroneous in matters of substance.

Petroff v. Vesta Coal Company.

The original compensation agreement, made March 9, 1923, and approved April 2, 1923, provided for the payment to the widow, for herself and on account of children, of certain weekly sums during 300 weeks, and for the payment thereafter to a guardian, for certain children, of further sums. At the time of the making and approval of this agreement the children did not have a legal guardian, and it was made with the widow, acting as next friend and on behalf of the children, as well as in her own right. On July 14, 1924, a guardian of the children was appointed by the proper Orphans' Court. The order appealed from was made upon a petition for commutation, joined in by this guardian. The commutation was asked for in order that a home for the family might be purchased. To provide the sum required to effect the proposed purchase, it would be necessary to commute not only the weekly sums payable to the widow during the 300 weeks, but also a portion of the moneys thereafter payable under the agreement to the guardian. At the hearing before the referee on May 21, 1925, the guardian testified in support of the application, saying in substance that, in his opinion, the proposed commutation for the purpose named would be for the best interests of the children, provided they would acquire an interest in the property to be purchased, and stated, further, that, before the property would be paid for, he would see to the taking of the title in the names of the children along with that of the widow. The board made an order granting commutation of the instalments of compensation payable to the widow to the end of the 300 weeks, and of instalments payable to the guardian during 212 5/7 weeks thereafter, "for the purchase by the dependents of the property in which they reside." As to the manner in which the employer should make payment under the order, the order provided as follows: "The Jones & Laughlin Steel Co., defendant, is requested to see that the amount necessary for this purpose is so applied and will pay the balance of the amount due under this order, if any, to Mrs. Katie Petroff, widow." As previously mentioned, there is here, by a clerical error, a misnomer of the defendant; but, assuming the correction of this error, the defendant excepts to this direction upon two grounds.

One of these relates to what is said regarding seeing to the application of the purchase money of the property. If this be construed as a mere "request" that the defendant see to this, then there would be no positive order on the defendant directing payment to any particular person to serve as the defendant's protection in making the payment to that person; while, on the other hand, if this be construed as an order directing the defendant to make payment to the vendor of the purchase price of the property, upon the latter's delivering a good and sufficient conveyance of the title, this would be placing upon the defendant a duty and a responsibility which it is not bound, and by its exceptions appears to be unwilling, to assume. It cannot be called upon to take the place of the children's guardian in passing upon the goodness of the vendor's title and the freedom thereof from encumbrances, and upon the form of the conveyance, as it would have to do if it were, either by request or by order, to undertake to see to the application of this money.

The second objection is to that part of the order which directs the defendant to pay any surplus of the commuted compensation that may remain after the property is paid for "to Mrs. Katie Petroff, widow." The moneys payable under the order are derived from the commutation in part of instalments payable under the original agreement to the widow, and in part of instalments payable thereunder to the guardian. The effect of this order, therefore, is to require the payment to the widow of moneys belonging to the children. As they now have a legal guardian, any money of theirs should be made pay-

Petroff v. Vesta Coal Company.

able to him. Inasmuch as the commutation is granted for the specific purpose of buying a home, we think that if it should be found when the transaction is consummated that a part of the sum directed by the commutation order to be paid remains unexpended, because not needed for the making of the purchase and expenses incident thereto, such surplus should be regarded as derived from the commutated instalments maturing at or nearest to the end of the period embraced within the commutation, and, therefore, as belonging to the children.

As we stated when the case was here upon a former appeal (5 Wash. Co. Reps. 101), we think the defendant is entitled to the protection of an order regularly made, and binding upon the children when it pays the money. It is entitled to insist that the order on which it is to pay shall be such an order as the statute authorizes, and we do not think the act confers jurisdiction to impose on the defendant without its consent the duty of supervising the purchase or to direct payment to the widow of any moneys belonging exclusively to children who have a legal guardian. Our ideas as to the proper form of order to make in this case are as follows:

1. The order should contain an express, specific and unequivocal direction to pay the money to a particular person or persons.

2. The implication of section 316 of the Workmen's Compensation Act would seem to be that, in case of a commutation, the commutation money shall be payable to the person or persons to whom the commuted instalments were payable. The commutation money in this instance comes from two sources, a part of it being the present value of the weekly instalments which, under the compensation agreement, were payable to the widow during the first 300 weeks, and a part of it the present value of instalments thereafter payable to a guardian of the children. The former were made payable to the widow "for herself and on account of" the children named. This provision of the contract should doubtless be interpreted in the light of section 307 of the Workmen's Compensation Act, which, although it gave, on account of children, an increase in the compensation payable during the 300 weeks, made the whole of this payable to the widow or widower. Section 307 was amended by the Act of July 11, 1923, P. L. 1060, the amended section providing that "the board may, if the best interest of a child or children shall so require, at any time order and direct the compensation payable to a widow or widower on account of any child or children to be paid to the guardian of such child or children." It appears, then, that the commutation money representing the first 300 weeks may be ordered paid to the widow, or, in the discretion of the board, one-third thereof, which represents in this case the present value of the compensation payable to the widow on account of the children, may be directed to be paid to the guardian. So much of the commutation money, however, as represents the present value of the compensation payable after the 300 weeks should be directed to be paid to the guardian.

3. The duty of seeing to the application of the money and the closing up of the proposed purchase of a home should not be imposed upon the defendant against its consent. Such duties, with respect to the protection of the children's interests, will devolve upon their legally-appointed guardian. He should see that the conveyance is made in such manner as to give to the children their proper interests in the property, and should not expend on account of the purchase the children's money, unless the widow at the same time turns over for the same purpose the commutation money awarded to her. And if, after completing the purchase, there should remain any surplus, this should be held by the guardian for the benefit of the wards interested in the commuted instalments of the last period mentioned in the order.

Petroff *v.* Vesta Coal Company.

And now, Oct. 5, 1925, the exceptions filed to the order herein appealed from are sustained and the said order is reversed, and the record is directed to be returned to the Workmen's Compensation Board, to the end that it may make an order in conformity with the opinion herewith filed.